**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


IN RE:     USE OF ARTIFICIAL INTELLIGENCE
           TOOLS TO REVIEW CRIMINAL
           DISCOVERY

                           Miscellaneous No.: 1:26-MC-38


<u>**STANDING ORDER**</u>

The use of artificial intelligence ("AI") tools, particularly "data-retentive" or "consumer-tier" AI tools that allow publicly accessible AI systems to retain and use submitted data to train models, poses a threat to the integrity and security of data produced in litigation.

**THE COURT FINDS** that the best way to mitigate this threat is to require defense counsel to provide notice to, and receive consent from, the government before entering sensitive materials into any AI tool.

Accordingly, **IT IS HEREBY ORDERED** that, effective as of the date of this Standing Order, and until such time as the Court orders otherwise, all criminal actions filed in this Court are subject to the following restrictions as it pertains to the use of AI tools.

<u>Restrictions on Use of AI to process Sensitive Materials</u>.  No person or entity authorized to have access to Sensitive Materials

1

under the terms of this Order, i.e., the legal defense team, shall input, transmit, upload, process, generate output from, or otherwise expose any Sensitive Materials received to any AI tool without prior written consent from the government. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise. To obtain authorization for the otherwise prohibited use of an AI tool, defense counsel must submit a written request to the government. In any request for written authorization, defense counsel must specifically identify and describe any AI tool to be used and certify that it does not (i) retain or use any Sensitive Materials for model training, nor (ii) expose any Sensitive Materials to third parties not authorized under this Order to receive such materials. In addition, defense counsel must certify that (i) defense counsel has implemented reasonable measures to ensure that any AI tool used will maintain the confidentiality of any Sensitive Materials, and (ii) defense counsel will ensure the deletion of all Sensitive Materials from the tool at the conclusion of the case. Defense counsel will be responsible for destroying such information at that time. Under no circumstances will any member of the defense team submit Sensitive Materials to a publicly

accessible AI system that retains and uses submitted data to train models.  Such AI tools pose unique risks to the security and integrity of Sensitive Materials, given the practical inability to claw back or delete data once it has been incorporated into a model.

<u>Sensitive Materials</u>.  Unless the parties agree otherwise, the below portions of the discovery will be designated as "Sensitive Materials."

a. Telephone numbers, residential addresses, email addresses, driver's license numbers, and similar unique identifying information;
b. Information that could reasonably be used to identify the government's confidential sources;
c. Identifying information, including true names and photographs, regarding government agents who acted in an undercover capacity with respect to this investigation;
d. Information that could reasonably be expected to jeopardize witness security;
e. Personal identifying information, including photographs and videos, for individuals that do not appear to be related to the criminal conduct in the case;
f. Message content and other private communications – including from confidential sources, co-conspirators, victims, and other individuals – that are unrelated to the criminal conduct in the case;
g. Medical or mental health records, other than those of the defendant;
h. Sources, locations, and methods law-enforcement officials have used, and will continue to use, to investigate other criminal conduct;
i. Information that may jeopardize an ongoing or future investigation;
j. Tax returns or tax information; and
k. Portions of the footage depicting minors and any personal identifying information of minors, including names.

Legal Defense Team.  The "legal defense team" includes defense counsel (defined as counsel of record in the case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, interns, consultants and expert witnesses who are advising or assisting defense counsel in connection with the case.  The legal defense team shall not include the defendant or the defendant's family members, friends, or associates.

Automatic Exclusion from this Order.  This Order does not apply to discovery that:

  a. are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials, or materials that are publicly released by the U.S. Attorney's Office or the government of the United States;

  b. materials that the defense obtains by means other than discovery; or

  c. pertain solely and directly to the defendant.

Disputes.  The parties shall make a good faith effort to resolve any dispute regarding the applicability of this Order. The United States may agree to remove a sensitivity designation without further order of this Court.  Whenever the redaction of specified information will resolve the basis for which a sensitivity designation was applied, either party may do so and

4

any materials so redacted will no longer be deemed Sensitive Material under this Order.  Should the parties be unable to resolve the dispute, either party may file a motion specifying the material at issue and why it does or does not qualify as "Sensitive Material" under this Order.  The disputed materials shall be treated as subject to this Order pending disposition of such motion.

Government's Discovery Obligations.  Nothing in this Order modifies the obligation of the United States at any stage of discovery in the case pursuant to Federal Rules of Criminal Procedure 16 and 26.2, 18 U.S.C. § 3500, and the government's general obligation to produce exculpatory and impeachment information in criminal cases.

Scope of this Order.  This Order does not prevent any party from objecting to the discovery or admission of discovery that it otherwise believes to be inadmissible or not subject to a disclosure obligation.  This Order also does not constitute a ruling on: (A) any potential objection to the discoverability or admissibility of discovery; or (B) whether any particular discovery is properly discoverable or admissible.  This Order is not intended to limit the use of discovery in any judicial proceeding.

The Clerk is hereby directed to forward a copy of this Order to the United States Attorney's Office and the Federal Public

Defender's Office. The Federal Public Defender shall forward a copy of this Order to all panel counsel.

**IT IS SO ORDERED** this 16th day of June, 2026.

_____
Honorable Thomas S. Kleeh
Chief Judge
United States District Court